IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| YONG SUK PARK, A# 213 042 212, | |
| 3646 Silver Queen Ct<br>Mason, OH 45036 | Case No. 1:22-cv-450 |
| YOUNG HAE JE, A# 214 626 153, | |
| 3646 Silver Queen Ct<br>Mason, OH 45036 | |
| JI MIN PARK, A# 214 626 161, | |
| 3646 Silver Queen Ct<br>Mason, OH 45036 | |
| SU MIN PARK, A# 214 626 154, | |
| 3646 Silver Queen Ct<br>Mason, OH 45036 | |
|    Plaintiffs, | |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Serve:  U.S. Citizenship & Immigration<br>        Services<br>        5900 Capital Gateway Dr<br>        Camp Springs, MD 20588 | |
| UR MENDOZA JADDOU, Director of the United States Citizenship and Immigration Services, | |
| Serve:  U.S. Citizenship & Immigration<br>        Services<br>        5900 Capital Gateway Dr | |

1

Camp Springs, MD 20588

and,

JULIE DECKER, Director of the Cincinnati Field Office of the United States Citizenship and Immigration Services,

Serve:  Julie Decker
       USCIS
       Jw Peck Federal Bldg 550 Main Street
         Room 4001
         Cincinnati, OH 45202
   Defendants.

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' APPLICATIONS TO ADJUST STATUS**

Plaintiffs Yong Suk Park, Young Hae Je, Ji Min Park and Su Min Park respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' applications to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed applications to adjust status.

## PARTIES

1. Plaintiff Yong Suk Park is a citizen of the Republic of Korea.

2. Plaintiff Young Hae Je is a citizen of the Republic of Korea and is the spouse of Yong Suk Park.

3. Plaintiff Ji Min Park is a citizen of the Republic of Korea and is the son of Yong Suk Park and Young Hae Je.

4. Plaintiff Su Min Park is a citizen of the Republic of Korea and is the daughter of Yong Suk Park and Young Hae Je.

5. On April 14, 2017, Yong Suk Park's employer filed an I-140 Petition for Alien Worker on behalf of Plaintiff. The Receipt Number is LIN1715250869.

6. Defendants approved the I-140 Petition on April 24, 2017. This approval rendered Plaintiffs Yong Suk Park, Young Hae Je, Ji Min Park and Su Min Park eligible to adjust status.

7. Plaintiffs filed timely I-485 Applications for Adjustment of Status on August 18, 2017. Defendants assigned Receipt Number LIN1790882902 to Yong Suk Park's case; Receipt Number LIN1790882906 to Young Hae Je's case; Receipt Number LIN1790882904 to Ji Min Park's case, and Receipt Number LIN1790882908 to Su Min Park's case.

8. On August 18, 2017, Yong Suk Park submitted an I-485J Application.

9. The United States Citizenship and Immigration Services completed the fingerprinting and photographing of Plaintiffs as part of the processing of the pending applications.

10. The United States Citizenship and Immigration Services conducted an interview on Plaintiffs' pending green card applications on May 16, 2018.

11. On May 16, 2018, Defendants issued a Request for Evidence to which Yong Suk Park promptly responded.

12. Defendants conducted a second interview on Plaintiffs' pending green card applications on October 25, 2018.

13. Since then, the Defendants have taken no action on the pending green card applications.

14. Since Plaintiffs filed the applications with the United States Citizenship and Immigration Services, Plaintiffs have made repeated requests to have the green card cases finally adjudicated.

15. Despite numerous calls to the United States Citizenship and Immigration Services and their attempts to prompt movement on the cases, Plaintiffs' applications to adjust status have remained pending far longer than is reasonable.

16. The United States Citizenship and Immigration Services has refused to adjudicate Plaintiffs' application in accordance with applicable legal criteria.

17. Plaintiffs bring this action to compel the United States Citizenship and Immigration Services to finally adjudicate the pending applications as required by law.

18. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

19. Defendant Ur Mendoza Jaddou, Director of the USCIS, is the highest ranking official within the USCIS. Jaddou is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

20. Defendant Julie Decker is the Director of the USCIS Cincinnati Field Office and is sued only in an official capacity, as well as any successors and assigns. The Cincinnati Field Office has jurisdiction over applications for adjustment of status for immigrants in Mason, OH, where Plaintiffs reside. Decker is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Julie Decker is sued in an official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

21. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

22. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or

under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiffs reside in this district.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiffs allege and state as follows:

23. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

24. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

25. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

26. Plaintiffs allege that the applications have been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status applications.

27. The combined delay and failure to act on Plaintiffs' adjustment of status applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

28. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

29. Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the

USCIS.

30. Furthermore, Plaintiffs have sent letters to Senator Sherrod Brown and Senator Rob Portman. All to no avail.

31. On March 20, 2022, Plaintiff Yong Suk Park submitted a request for case assistance with the CIS Ombudsman. The Request Number is 2022035263. On May 16, 2022, Plaintiff contacted the CIS Ombudsman once again, but received no updates on the pending cases.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiffs allege and state as follows:

32. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

33. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

34. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

35. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Yong Suk Park, Young Hae Je, Ji Min Park and Su Min Park,

request the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Plaintiffs' applications to adjust status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Plaintiffs' applications to adjust status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Yong Suk Park;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Young Hae Je;

6. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Ji Min Park;

7. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Su Min Park;

8. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the application to adjust status;

9. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.

RESPECTFULLY SUBMITTED
August 3, 2022

*/s/ Katarina Schmidt*
FL Bar # 1000529

Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) kschmidt@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFFS**

**YONG SUK PARK**

**YOUNG HAE JE**

**JI MIN PARK**

**SU MIN PARK**